PARRY vs. WRIGHT and another, Administrators &c.

*Disallowance of claim by commissioners.*

The allowance by commissioners to audit claims against an estate, of an alleged *payment* in reduction of a claim, is a *disallowance* of the claim *pro tanto*, from which an appeal lies under subd. 1, sec. 22, chap. 101, R. S.

APPEAL from the Circuit Court for *La Crosse* County.

*U. Parry* presented to the commissioners appointed to examine and adjust claims against the estate of U. Parry, jr., deceased, a claim founded on a promissory note for $4,716. The report of the commissioner contained a schedule of claims arranged under different heads, and as to this claim was as follows :

| Name of Claimant. | CLAIMS. | | | | OFFSETS. | | | | Final Bal Remarks | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Nature | Am't. | All'd. | Disal'd | Nature. | Am't. | All'd. | Disal'd | In fav Es | Ag'st Es |
| Uriah Parry, $4,280 Int. 436,88 | Note | 4716.88 | 4716.88 | | Pay'ts re- c'd on In. Policies. | 4671.33 | 4671.33 | | | 45.65 All'd July 19, 1865 |

The claimant filed with the county judge an application for an appeal from the decision and report of the commissioners, in which he stated that he presented to said commissioners, on &c., "a demand founded on a promissory note, amounting to $4,716, which said claim the said commissioners then and there disallowed, except the sum of forty-five dollars, which last mentioned amount the said commissioners allowed plaintiff ;" and that feeling himself aggrieved " by the disallowance in full of said claim," he appealed to the circuit court. The administrators (*Wright and another*) moved in the circuit court to dismiss the appeal for the following reasons : 1st. That it appears by the record, that the commissioners in this matter did not disallow any claim in favor of the said appellant as creditor of said estate, in whole or in part, to any amount whatever. 2d. That it does not appear that the said appellant appeals in this matter from the allowance of any claim whatever by said commissioners. 3d. That it appears by the record that the entire claim of the appellant above named was allowed by said commissioners, and that no part of the same was disal-

lowed.    4th. That the allowance of said appeal is unauthorized
by law.    5th. That the circuit court court has no jurisdiction
of the appellants or respondents in this matter, or of the sub-
ject matter of the appeal.

The circuit court sustained the motion, and dismissed the
appeal.

*Montgomery & Wing*, for appellant.

*Lyndes & Burroughs* and *Hugh Cameron*, for respondents:

The appellant has appealed from the disallowance of his
claim in part.    There was no disallowance of any part of said
claim.    That which the appellant claims to appeal from does
not exist; and he has appealed from nothing. So much of the
report of the commissioners as has not been appealed from is
conclusive and cannot be questioned. There was nothing, then,
before the circuit court of which it could take cognizance—
nothing of which it had jurisdiction; and all it could do was
to dismiss the appeal for want of jurisdiction.

DIXON, C. J. The objection to the application for and notice
of the appeal is extremely refined and technical. I doubt
whether it ought to prevail so as to defeat the appeal, even
though the deductions from the note presented by the appel-
lant against the estate were strictly matters of set-off or coun-
ter claim in favor of the estate. But they were not matters of
set-off or counter-claim. They were presented to the commis-
sioners and considered and determined by them, as payments
made upon the note. It is true that in the schedule they are
ranged under the general head of " off-sets ;" but in the column
where the " nature" of the offset is required to be stated, they
are specifically described as *payments received*. Now the differ-
ence between a set-off or counter-claim and a payment, when-
ever it becomes material to distinguish between them, is well
known. A set-off or counter-claim is a distinct demand, the
allowance or disallowance of which does not affect the exist-
ence or validity of the demand on the other side. If allowed,

it is so much to be taken out of the sum legally due upon the demand against which it is pleaded. But it is not so with a payment. A payment enters into the very existence of the debt or obligation upon which it has been made. A full payment extinguishes the debt entirely; a partial payment extinguishes it *pro tanto*. The rule of pleading in actions of assumpsit at the common law, that payment might be given in evidence under the general issue, but that set-off must be specially pleaded, was founded upon this obvious distinction. The commissioners, therefore, when they allowed the sum specified as *payments received*, necessarily *disallowed* so much of the claim of the appellant. The payments went to the very existence of the claim; and it seems to me, if parties are to be held to the utmost accuracy in the use of language, that it is more strictly correct to say that so much of the appellant's claim was disallowed, than that payments so and so were allowed in favor of the estate. For these reasons I am of opinion that the appeal was well taken under the first subdivision of section 22, chap. 101, R. S., as from a decision of the commissioners disallowing a claim in favor of a creditor.

*By the Court.*—The order of the circuit court dismissing the appeal is reversed, and the cause remanded for further proceedings according to law.